UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD STOEHR,

Plaintiff,

v.

UNITED OF OMAHA LIFE INSURANCE CO., et al..

Defendant.

No. 2:26-cv-01091-CKD

PRETRIAL SCHEDULING ORDER

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

After the period to decline the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c)(1), the action was reassigned to the undersigned for all further proceedings and entry of final judgment. (ECF No. 12.) The parties' joint status report is before the court. (ECF No. 14.)

Having reviewed the joint status report, the court now issues the following pretrial scheduling order.

NATURE OF THE CASE

Plaintiff brings this action to recover benefits and enforce and clarify his rights under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (ECF No. 1.) Plaintiff seeks relief in the form of all plan benefits, including long-term disability benefits, costs, reasonable attorney's fees, and for pre-judgment and post-judgment interest on the principal sum, accruing from the date the obligations incurred. (ECF No. 1 at 38.)

SERVICE OF PROCESS

All named defendants have been served and appeared. No further service is permitted except with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named defendants have answered the complaint. (ECF No. 8.) No further joinder of parties or amendments to pleadings are permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed and are hereby found to be proper. (ECF No. 14 at 2.)

INITIAL DISCLOSURES

The parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a) by **November 18, 2026**. Defendant has stated that the administrative record of proceedings will be exchanged as part of these initial disclosures. (ECF No. 14 at 3.)

ADMINISTRATIVE RECORD/DISCOVERY

Plaintiff asserts discovery may be warranted in relation to the completeness of the administrative record and documents related to the bias of medical interviewers. Defendant opposes discovery and argues the case is limited to the administrative record and to information necessary to ascertain plaintiff's receipt of other benefits.

Consistent with the general rule that judicial review of an agency decision focuses on the administrative record, the court stays discovery. Plaintiff may file a motion for leave to conduct

discovery on or before **January 20, 2027**.

WAIVER OF PRETRIAL PROCEDURES

The court grants the parties' request to waive the final pretrial conference and related filings due to the unique nature of ERISA trials. (ECF No. 14 at 3-4.)

LAW AND MOTION

Pursuant to the parties' request and in accordance with Federal Rule of Civil Procedure 52, this matter will be resolved with cross motions for judgment with the following briefing schedule: Opening briefs shall be filed by **May 26, 2027**. Responsive briefs shall be filed by **June 23, 2027**.

TRIAL SETTING

The parties request a two-hour bench trial. Should the case not resolve via motion practice, the bench trial shall be heard **Monday**, **August 16, 2027, at 9:30 am** in Courtroom No. 24 before Chief United States Magistrate Judge Carolyn K. Delaney.

OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

SETTLEMENT CONFERENCE

Should the parties wish to conduct a settlement conference with a magistrate judge, they are to contact the undersigned's courtroom deputy clerk to inquire as to the availability of another magistrate judge for a settlement conference.

MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated: September 9, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7 , stoe.26cv1091